# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY B. EZEBUIROH, #19059152,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-228-JPG |
| | ) |
| **JANE DOE #1,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jerry B. Ezebuiroh, a detainee at Marion County Law Enforcement Center ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at the Jail. (Doc. 1, pp. 1-24). Plaintiff claims that an unknown nurse ("Jane Doe 1") denied him adequate medical care at the Jail. He seeks monetary relief and employment termination of the defendant. (*Id*. at p. 22). Plaintiff also filed a Motion for Emergency Transfer to Clinton County Jail on March 11, 2020. (Doc. 7).

The Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-24): Nurse Doe has denied Plaintiff medical care since July 2019. Among other things, Nurse Doe cancelled Plaintiff's prescription medications; denied him treatment and snack bags for chronic low blood

1

sugar; refused to reinstate his prescription for blood pressure medication when his blood pressure spiked; failed to order an x-ray of a mass hanging in the back of his throat; refused to examine a boil between his legs; ignored his complaints of stomach, leg, and foot pain; failed to address a complaint that he was hearing voices; refused to authorize more than one shower per month; issued him two tubes of already-opened "cream;" and called him a "dum[b] ass" when he asked her to keep his medical information confidential. (*Id*.). When taking adverse action against him, Nurse Doe referred to the lawsuits Plaintiff filed against her and other staff members. (*Id*. at pp. 8. 12).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

**Count 1:** Fourteenth Amendment due process claim against Nurse Doe for denying Plaintiff medical and/or mental health treatment since July 2019.

**Count 2:** First Amendment retaliation claim against Nurse Doe for denying Plaintiff medical and/or mental health treatment in retaliation for filing lawsuits against her and other staff members.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Count 1 survives screening under the Fourteenth Amendment Due Process Clause's objective unreasonableness standard applicable to detainees.[2] *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475, 192 L.Ed.2d 416 (2015) (articulating standard)). This claim shall proceed against Nurse Doe.

In order to proceed with his retaliation claim, Plaintiff must produce evidence that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[2] Plaintiff describes himself as a detainee. For that reason, the Court has analyzed his claims under the Fourteenth Amendment standard applicable to pretrial detainees.

speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). The allegations suggest that Nurse Doe denied Plaintiff medical care and/or mental health treatment to deter him from filing lawsuits against staff. Count 2 shall therefore receive further review against the defendant.

## Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Counts 1 and 2 against Nurse Jane Doe 1. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez*, 577 F.3d at 832. The Marion County Sheriff will be added as a defendant, in his or her official capacity only, for purposes of identifying the defendant by name. Once the name is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designations in the caption and Complaint.

## Pending Motions

**A.     Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED**. Although Plaintiff has demonstrated reasonable efforts to locate counsel on his own and suffers from medical and mental health issues that may pose barriers to self-representation as the case proceeds, the Complaint sets forth two straightforward medical and retaliation claims against one defendant. Plaintiff's pleadings are organized and coherent. At this point, Plaintiff appears capable of representing himself. He may renew his request, if he believes counsel is necessary as the case proceeds.

B.  **Motion for Emergency Transfer (Doc. 7)**

Plaintiff's Motion for Emergency Transfer[3] is **DENIED** without prejudice. The Court construes the Motion as a request for a temporary restraining order ("TRO") under Rule 65 of the Federal Rules of Civil Procedure. *See Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (identifying factors court considers when presented with a TRO request). The Court finds inadequate grounds for issuing a TRO requiring Plaintiff's immediate transfer and therefore denies his request without prejudice.

Plaintiff seeks a transfer from Marion County Jail to Clinton County Jail in order to obtain better medical care and avoid Nurse Doe. Plaintiff does not explain why medical care will be better at Clinton County Jail or why the Jail is otherwise preferred. Plaintiff also sets forth no allegations suggesting that he may face irreparable harm if his request is denied. Moreover, the Constitution does not guarantee placement in a particular facility, and the Court is reluctant to interfere with placement decisions made by jail and/or prison officials. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). The Court finds no basis for transferring Plaintiff at this time.

With that said, this Court takes Plaintiff's complaints about Nurse Doe very seriously. Given the scope of complaints against her and the large volume of cases Plaintiff has filed in this District during the past few months, the Court deems it necessary to schedule a status conference in all ten (10) open cases to better assess the nature, scope, and severity of Plaintiff's complaints and chart a course for proceeding efficiently and effectively with these matters.

**Disposition**

The **CLERK** is directed to **ADD** the **MARION COUNTY SHERIFF** (official capacity

---

[3] Plaintiff already filed a similar motion that were denied in three other cases. *Ezebuiroh v. Doe*, No. 20-cv-135-JPG (Doc. 12); *Ezebuiroh v. Doe*, No. 20-cv-203-JPG (Doc. 7); *Ezebuiroh v. Doe*, No. 20-cv-205-JPG (Doc. 8).

only) as a party to this action in CM/ECF for purposes of identifying Nurse Jane Doe 1 and carrying out any injunctive relief that is ordered.  **Marion County Sheriff need not answer or otherwise respond to the Complaint.  He/she must only enter his/her appearance and will receive further instructions on discovery at a later date**.

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A.  **COUNTS 1** and **2** will proceed against Defendant **NURSE JANE DOE 1 (once identified)**.  **Pursuant to Administrative Order No. 244, Defendant Jane Doe 1 should only respond to the issues stated in this Merits Review Order.  Because the case involves medical claims, the Clerk is DIRECTED to enter a HIPAA Qualified Protective Order.**

The Clerk of Court shall prepare for Defendant **MARION COUNTY SHERIFF** (official capacity only) and **NURSE JANE DOE 1** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant **NURSE JANE DOE 1** until Plaintiff has identified them by name in a properly filed motion for substitution of parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 3/17/2020**                                  s/J. Phil Gilbert
                                                                         **J. PHIL GILBERT**
                                                                         **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**